### A95A2178. CAMERON v. PICKERING.
(467 SE2d 210)

ANDREWS, Judge.

Michael Cameron appeals from the state court's order granting

Pickering's traverse of Cameron's affidavit for continuing garnishment. Because we find that the state court erred in finding that a restitution order did not constitute a "money judgment" for purposes of a continuing garnishment under OCGA § 18-4-110, we reverse.

The order which Cameron appeals states that Cameron sought to garnish Pickering's earnings based on a restitution order for $5,103.45 in a criminal case. The state court found that OCGA § 18-4-110 provides for a continuing garnishment where the plaintiff has obtained a "money judgment." Applying rules of strict construction, the court determined that a "restitution order is not the same thing as a 'money judgment.'" Because there was no money judgment, the court granted the traverse.

We find the state court's construction of OCGA § 18-4-110 to be excessively narrow. OCGA § 17-14-13 (a) states that "a restitution order shall be enforceable as is a civil judgment by execution." Therefore, we find that a restitution order is a money judgment for purposes of continuing garnishment under OCGA § 18-4-110. Accordingly, the order of the trial court granting Pickering's traverse to Cameron's affidavit is reversed.

In light of the above holding, we need not address Cameron's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 19, 1996.

*Michael S. Katz*, for appellant.
*Charles V. Gandy, Jr.*, for appellee.